IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MELVIN EARL JACKSON**                                                                                    **PLAINTIFF**

VS.                                                        CAUSE NO. 4:13-CV-00026-GHD-JMV

**CITY OF INDIANOLA; INDIANOLA
POLICE DEPARTMENT; FORMER INDIANOLA
POLICE CHIEF, TOMMY MOFFETT; AND SCOTT
HAGERMAN, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY AS AN INDIANOLA POLICE OFFICER                             DEFENDANTS**

### REPLY TO RESPONSE IN SUPPORT OF ABSTENTION

**DEFENDANTS,** by Counsel, respectfully renew their suggestion that the Court should decline federal jurisdiction over this case as follows:

1.      **PENDING MOTION:**  Defendants suggest that the instant claim meets multiple jurisdiction depriving doctrines, none of which are disputed by the Plaintiff.[1]

2.      **PLAINTIFF'S RESPONSE:**  Interestingly, the Plaintiff has furnished evidence that multiple warrants were outstanding for his arrest as of the date he alleges a right to resist arrest by IPD Officer Scott Hagerman. [See Doc 12 at Exhibit A]. Plaintiff is opposed to abstention, but does not oppose a stay while state court criminal proceedings work themselves out.

3.      **FINAL DETERMINATION:**  The fact that Officer Hagerman has already been cleared under *Miss. Code Ann.* §99-3-28 (2012) is only addressed by the Plaintiff in the context of a veiled accusation against the County Prosecutor, who also serves as the City Attorney. Defendants contention that this is in fact final and preclusive remains undisputed. Significantly, this Plaintiff

---

[1] Cinel v. Connick, 15 F.3d 1338 (5th Cir. 1992)("A party who inadequately briefs an issue is considered to have abandoned the claim.").

claims that on April 26, 2012, he had the right to resist arrest by Officer Hagerman based upon his interpretation of when Mississippi certification became effective for the officer. [See Complaint, Doc 1, ¶7]. The depth of the inquiry this Plaintiff requests of this federal forum is demonstrated in a May 30, 2012, letter from Mississippi DPS stating that Officer Hagerman was accredited by the State of Florida, that he completed a 120 hour Basic Refresher in Mississippi in October of 2011, and that his final Mississippi Certificate will be dated as of November 2011. [See Doc 12, Exhibit C].

      4.      **IMPACT OF PENDING CRIMINAL CLAIM:** Plaintiff implies that the criminal charges against him are on the verge of dismissal. Yet, he cites no authority for why abstention is not proper or any extraordinary circumstance which would justify a federal court interfering with a pending state criminal proceeding.

      5.      **DEFENDANTS' POSITION:** The Plaintiff is welcome to argue his certification theory as a failed substantive element of his own criminal case. However, it means nothing insofar as Officer Hagerman is concerned. Officer Hagerman's right to use force to overcome resistance of a suspect with known pending warrants has been reduced to a final state court determination under the circumstances.

In the case of <u>Moore v. Prentiss County</u>, 2009 U.S. Dist. LEXIS 71631, this Court held that abstention was proper where an inmate failed to demonstrate extraordinary circumstances. Additional claims were dismissed for failure to state a claim where an essential element necessary to those claims was missing. Clearly, the instant case fits on both points. We have a pending indictment against the Plaintiff in state court. There are no extraordinary circumstances supporting federal intervention. Then, there is a rather odd choice to premise a claim for damages arising from an arrest and use of force under the 14th Amendment. The clear departure of Plaintiff's legal theory

from *Graham* and the fact that this federal suit was filed mere days after a state court declined to quash the pending criminal charge presents an invitation to interfere with matters of state court jurisdiction which we again respectfully submit should be declined by this Court.

**NOW, THEREFORE,** Defendants respectfully renew their prayer that this Court enter its order of abstention for good cause shown and that the Defendants be granted such other relief, including their reasonable costs and attorney fees and the Court may deem proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 8th day of April, 2013.

                                    **DEFENDANTS**

                                    **By:** /s/ *Daniel J. Griffith*
                                       Daniel J. Griffith, MS Bar No. 8366
                                       Attorney for Defendants

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Telephone: 662-843-6100
Facsimile: 662-843-8153
danny@griffithlaw.net

Gary L. Austin, Esquire
306 Main Street
P. O. Box 1590
MS 38751-1590
Phone: (662) 887-5398
Fax: (662) 887-2106
austingl@bellsouth.net

## CERTIFICATE OF SERVICE

    I, Daniel J. Griffith, attorney of record for Defendants, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Reply to Response in Support of Abstention* to be delivered VIA ECF FILING to all Counsel of Record.

    **DATED** this 8th day of April, 2013.

                                                    **/s/ *Daniel J. Griffith***
                                                       Daniel J. Griffith